UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Court File No. 14-cr-122 (JNE/LIB) (1) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Curtis Lee Drift, | |
| Defendant. | |

---

This matter came before the undersigned United States Magistrate Judge upon Defendant Curtis Lee Drift's Motion to Suppress Evidence Obtained as a Result of Search and Seizure, [Docket No. 21]. This case has been referred to the undersigned Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. The Court held a motion hearing on May 27, 2014, regarding the parties' pretrial discovery motions,[1] and Defendant's Motion to Suppress.

For reasons discussed below, the Court recommends that Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure, [Docket No. 21], be **DENIED**.

## I.     BACKGROUND AND STATEMENT OF FACTS

### A.     Background

Defendant Curtis Lee Drift is charged with one count of Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153(a); and one count of Strangulation, in violation of 18 U.S.C. § 113(a)(8), 1151, and 1153(a). (Indictment [Docket No. 1]).

---

[1] The Court addressed the parties' discovery motions by separate Order, [Docket No. 25].

B.     Facts[2]

On or about December 5, 2013, Bureau of Indian Affairs Law Enforcement Officer Brent Lee Chosa responded to a call from Cook Hospital in Cook, Minnesota regarding a suspected domestic abuse. Officer Chosa served as lead investigating officer in the present case. Upon receipt of the domestic abuse report, Officer Chosa proceeded to the Cook Hospital to interview the alleged victim, who had been admitted to the hospital as a patient. The victim implicated Defendant in the assault. Officer Chosa drafted a report memorializing his conversation with the victim.

After interviewing the victim at the hospital, Officer Chosa spoke with Officer Josh Villebrun, an assisting officer, regarding obtaining a warrant to search Defendant's home and locate and arrest Defendant for domestic abuse and aggravated assault, in violation of the Bois Forte Tribal Code. Officer Chosa understood from his interview of the victim that the Defendant, the victim, and their child lived together in the home, and that law enforcement would find Defendant there. Defendant's home was located in Tower, Minnesota, 55790, within the territorial jurisdiction of the Bois Forte Band of Chippewa, Lake Vermillion Indian Reservation. (Government Exhibit 1). As Officer Chosa's shift was coming to an end, Officer Chosa left his written report with Officer Villebrun, relayed the information he gathered at the hospital in conversations with the victim, and instructed Officer Villebrun to obtain a search warrant for Defendant's home.

Chief Judge Margaret Treuer, Chief Judge of the Bois Forte Tribal Court, issued the requested search warrant to Officer Villebrun upon a finding of probable cause to search Defendant's home for Defendant and the victim's blood-stained clothing. (Government Exhibit

---

[2] The facts are derived from the May 27, 2014, testimony of Bureau of Indian Affairs Officer Brent Lee Chosa and Government Exhibit 1.

1). Chief Judge Treuer also found that the affidavit in support of the search warrant[3] established probable cause to believe that an unannounced entry would be necessary to protect the safety of police officers and the loss of evidence. (Id.) Chief Judge Treuer commanded law enforcement to execute the warrant on December 6, 2013, between the hours of 6 a.m. and 10 p.m. (Id.)

Officer Chosa, along with Officer Villebrun, acting Police Chief Gwendolyn Smith, and several FBI agents, executed the search warrant on December 6, 2013.

## II. DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED AS A RESULT OF SEARCH AND SEIZURE, [DOCKET NO. 21]

Defendant moves the Court for an order suppressing any physical evidence obtained as a result of the December 6, 2013, search of Defendant's home, as the search warrant issued in the present case was issued without a sufficient showing of probable cause – namely, the application and affidavit in support thereof contained insufficient facts to establish a logical nexus between Defendant's home and evidence of a crime. Additionally, Defendant argues that the search warrant was executed in an illegal and unlawful manner without good faith.

### A. On the present record before the Court, the search warrant, (Government Ex. 1), is, on its face, unsupported by probable cause.

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. Amend. IV. The Eighth Circuit has explained that "[a]n affidavit for a search warrant need only show facts sufficient to support a finding of probable cause." United States v. Parker, 836 F.2d 1080, 1083 (8th Cir. 1987). Probable cause exists when "a practical, common-sense" evaluation of "all the circumstances set forth in the affidavit" demonstrate "a fair probability that contraband or

---

[3] This affidavit was not introduced into evidence at the May 27 hearing on Defendant's present motion to suppress. Only the warrant itself was introduced into evidence. (Government Ex. 1).

evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). "Probable cause is a fluid concept that focuses on 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.'" United States v. Colbert, 605 F.3d 573, 576 (8th Cir. 2010) (quoting Gates, 462 U.S. at 231). "The existence of probable cause depends on whether, in the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005) (quoting United States v. Murphy, 69 F.3d 237, 240 (8th Cir. 1995) (quoting, in turn, Gates, 462 U.S. at 238)).

As alluded to above, the sufficiency of a search warrant affidavit is examined using "common sense and not a hypertechnical approach." United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007) (citation and internal quotations omitted). "Therefore, '[w]hen the [issuing judge] relied solely upon the supporting affidavit to issue the warrant, only that information which is found in the four corners of the affidavit may be considered in determining the existence of probable cause.'" United States v. Wiley, No. 09-cr-239 (JRT/FLN), 2009 WL 5033956, at *2 (D. Minn. Dec. 15, 2009) (Tunheim, J.) (quoting Solomon, 432 F.3d at 827; edits in Wiley). "In ruling on a motion to suppress, probable cause is determined based on 'the information before the issuing judicial officer.'" United States v. Smith, 581 F.3d 692, 694 (8th Cir. 2009) (quoting United States v. Reivich, 793 F.2d 957, 959 (8th Cir. 1986)). Nevertheless, "[a] magistrate's 'determination of probable cause should be paid great deference by reviewing courts,'" Gates, 462 U.S. at 236 (quoting Spinelli v. United States, 393 U.S. 410, 419 (1969)). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . [concluding]' that probable cause existed." Gates, 462 U.S. at 238-39 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)).

Government Exhibit 1 is the tribal search warrant issued by Chief Judge Treuer. Defendant is correct that the two-page warrant offered as evidence to the Court contains only conclusory findings of probable cause and is devoid of relevant and sufficient supporting facts connecting Defendant's home to either a crime or evidence of a crime. The Government failed at the motion hearing to submit to the Court the affidavit, submitted to Chief Judge Treuer in support of the tribal warrant application.

On the present record before the Court, the warrant itself within its four corners, does not contain facts to support the probable cause determinations made therein.

### B.  Office Chosa relied in good faith on Chief Judge Treuer's warrant.

However, "[u]nder the Leon good-faith exception, disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." Grant, 490 F.3d at 632 (citing United States v. Leon, 468 U.S. 897, 922 (1984)). Although the Court concludes that Government Exhibit 1 does not set forth facts within its four corners to show probable cause for the search warrant on the present record, Officer Chosa's good-faith reliance on that warrant militates against suppressing any evidence obtained in the search. See Leon, 468 U.S. at 919-21 (exclusionary rule does not apply "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope"). See also United States v. Johnson, 219 F.3d 790, 791 (8th Cir. 2000) ("Even if we thought the warrant affidavit did not establish probable cause, the good faith exception to the warrant requirement would apply because the affidavit was sufficient to allow an officer to reasonably believe probable cause existed."); United States v. Rugh, 968 F.2d 750, 753 (8th Cir. 1992) ("When police objectively and reasonably believe that probable cause exists to conduct a search based on an issuing judge's

5

determination of probable cause, evidence seized pursuant to the ultimately invalid search warrant need not be suppressed.").

Officer Chosa's motion hearing testimony indicates that he investigated the underlying report of domestic abuse, interviewed the victim at the hospital, and relayed to Officer Villebrun his findings of probable cause in support of obtaining a search warrant for Defendant's home. Based on the foregoing, Officer Chosa specifically requested Officer Villebrun to prepare an application for a search warrant to be presented to Chief Judge Treuer. Accordingly, when Officer Villebrun successfully obtained the warrant from Chief Judge Treuer, and returned the warrant issued by Chief Judge Treuer to Officer Chosa, Officer Chosa relied in good faith on the findings of Chief Judge Treuer. Officer Chosa's testimony indicates that he presented Officer Villebrun with specific facts concerning the underlying incident believed to be, in good faith, sufficient to create probable cause in support of the application for a search warrant, which Officer Villebrun was directed to prepare and present to Chief Judge Treuer. Accordingly, on December 6, 2013, when executing the search of Defendant's home, Officer Chosa appropriately relied on the search warrant issued by Chief Judge Treuer following Officer Villebrun's application.

Although Officer Chosa mistakenly testified that Government Exhibit 1 constituted both the affidavit and the warrant itself, namely, the "entire warrant papers that were presented to the judge," it is clear to the Court that Government Exhibit 1 is merely the resulting search warrant and does not contain the supporting affidavit. However, on the present record, the Court finds no independent support for any of the exceptions to the Leon good faith rule in the present record.[4]

---

[4] See Leon, 468 U.S. at 923 (exceptions to the good faith rule when issuing judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth," "where the issuing magistrate wholly abandoned his judicial role," or when the warrant is "so facially

Because Officer Chosa relied in good faith on Chief Judge Treuer's issuance of the search warrant to conduct the search of Defendant's home on December 6, 2013, the Court recommends that Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure, [Docket No. 21], be **DENIED.**

Dated: June 9, 2014   s/Leo I. Brisbois
Leo I. Brisbois
U.S. Magistrate Judge

# N O T I C E

In light of the pending trial date of June 30, 2014, the Court finds it must reduce the time that the parties are allowed to file, and respond to, objections to this Report and Recommendation. The Court discussed this inevitability with counsel at the May 27, 2014, motion hearing, and neither party objected.

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by June 13, 2014** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections **by June 17, 2014**. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.

---

deficient – i.e., in failing to particularize the place to be searched or the things to be seized – that the executing officers cannot reasonable presume it to be valid").

Indeed, after the record for the present motion closed, the Government also provided the Court with a certified copy of Officer Villebrun's affidavit submitted to Chief Judge Treuer in support of the subject tribal search warrant. The affidavit, although not included in the present record before the Court and not necessary for the Court to decide the motion to suppress now before the Court, confirms that Officer Villebrun's affidavit contained sufficient facts to create the requisite probable cause for the warrant. The affidavit asserts that on December 5, 2013, while admitted as a patient at the Cook Hospital in Cook, Minnesota, the victim in the present case reported to Officer Brent Chosa that Defendant assaulted her on the night of December 2, 2013, specifically reporting the Defendant punched her in the sides of her head five to six times with a closed fist until she lost consciousness. The victim reported injuries to her face, both sides of her head, the back of her head, and her arms. The victim reported that Defendant kicked her in her back and stomach, causing the victim to sustain a broken rib, punctured lung, two broken vertebra, a possible broken jaw, possible neck injury, and swollen, black-and-blue eyes. The victim reported that she regained consciousness the next afternoon. ([Docket No. 29], at 2). The affidavit further requests the warrant provide for unannounced entry, as the victim reported that Defendant regularly carries pocket knives and a hand gun.